```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. 2:18-00222

TODD STEPHENS

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant Todd Stephens to continue the trial and all related deadlines. (ECF No. 27). In support of defendant's motion and the need for a continuance, counsel for Stephens states that he needs additional time to review discovery provided by the government and develop his defense. The government does not oppose defendant's request for a continuance.

Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A), and GRANTS the defendant's motion to continue. In deciding to grant the motion to continue, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the court hereby **ORDERS** as follows:

1. Trial of this action is continued until February 6, 2019, at 9:30 a.m., in Charleston. Jury instructions and proposed voir dire are to be filed by January 30, 2019;

2. All pretrial motions are to be filed by January 22, 2019;

3. A pretrial motions hearing is scheduled for January 29, 2019, at 1:30 p.m., in Charleston;

4. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of the motion until the trial is excludable for purposes of the Speedy Trial Act.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 12th day of December, 2018.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).