IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 2:18-00222

TODD STEPHENS
BREE EBERBAUGH


**MEMORANDUM OPINION AND ORDER**

Pending before the court is the motion of defendant Todd Stephens for a bill of particulars. (ECF No. 38). The government filed a response in opposition to defendant's motion, see ECF No. 44, and a pretrial motions hearing was held in this matter on January 29, 2019.

Federal Rule of Criminal Procedure 7(f) states in pertinent part, "the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Stephens' motion was untimely and, therefore, should be denied. However, even if the motion were timely, a bill of particulars would not be warranted.

A bill of particulars supplements an indictment if the government fails in its responsibility under Federal Rule of Criminal Procedure 7(c) to provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." See United States v. Duncan, 598 F.2d 839, 848 (4th Cir. 1979) (An indictment "should be sufficiently detailed to apprise the defendant of the charge against him so

that [he] may prepare his defense.").  The purpose of a bill of
particulars "is to fairly apprise the defendant of the charges
against him so that he may adequately prepare a defense and avoid
surprise at trial . . . not . . . to provide detailed disclosure
of the government's evidence in advance of trial."  United States
v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir.
1985) (citations omitted).

In support of his motion, Stephens states:

> Mr. Stephens' taking an affirmative step in
> furtherance of Bree Eberbaugh possessing any fentanyl
> on August 28, 2017, is an essential fact to his aiding
> and abetting charge.  Yet the indictment as presented
> and returned, says nothing about what that affirmative
> step was, or was supposed to be, when it was taken, or
> how it was supposedly taken – such that he has any
> understanding of how to prepare a defense to the aiding
> and abetting offense at trial.  Where the United
> States' discovery has not cured this defect, the Court
> should now direct that a bill of particulars be
> immediately filed specifying what Mr. Stephens
> supposedly did that supposedly constitutes aiding and
> abetting in his case.  Without such direction, Mr.
> Stephens cannot prepare an effective defense, and will
> effectively be ambushed once this matter proceeds to
> trial on February 6, 2019.

ECF No. 38 at pp.3-4.

The one-count indictment in this matter charges that, on
August 28, 2017, Stephens and his co-defendant, Bree Eberbaugh,
aided and abetted by each other, possessed fentanyl with intent
to distribute.  The indictment in this case sufficiently apprises
Stephens of the charge against him.  Stephens' complaint is
really a challenge to the perceived lack of evidence against him

– he understands what the government is charging him with, he
just doesn't think they have shown him the evidence to prove it.
"[T]here is a difference between being surprised by the charge
and being surprised by the evidence supporting a charge.  The
function of the bill of particulars is to reduce surprise at the
<u>charge</u>, that is, to enable the defendant to identify what he is
alleged to have done in violation of law.  It is not to eliminate
surprise with respect to evidence offered in support of a charge
that is clearly understood by the defendant."  United States v.
Slawson, Criminal Case No. 1:14-CR-00186-RWS-JFK, 2014 WL
5804191, *13 (N.D. Ga. Nov. 7, 2014) (quoting United States v.
Scrushy, 2004 WL 483264, at *9 n.5 (N.D. Ala. Mar. 3, 2004)
(emphasis in original); see also United States v. Sheldon, Case
No. 08-CR-36, 2008 WL 11411218, *3 (E.D. Wisc. Nov. 26, 2018)
(denying a bill of particulars where defendant in drug conspiracy
"asked that the government identify the evidence upon which it
relies"); United States v. Stokes, 1:14-CR-290-TWT-JKL, 2018 WL
6729999, *5 (N.D. Ga. Oct. 19, 2018) (denying motion for a bill
of particulars where what defendant actually sought was "the
evidence the government has in support of the charges against
her"); United States v. Miller, Criminal Action No. 4:08cr147,
2009 WL 10676921, *1 (E.D. Va. May 5, 2009) (denying motion for a
bill of particulars because "the defendant's argument regarding

the apparent lack of evidence directly tying him to the conspiracy to be an argument better suited for a jury").

For all these reasons, the motion for a bill of particulars is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 1st day of February, 2019.

ENTER:

David A.  Faber
Senior United States District Judge

4